## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4284 | **DATE** | 6/10/2004 |
| **CASE TITLE** | Paul Monfardini vs. Dwight Quinlan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Godfrey Firm's motion for protective order [175-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 14 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 200 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 6/10/2004 date mailed notice | |
| IS | courtroom deputy's initials | 2004 JUN 10 PM 5:14 U.S. DISTRICT COURT CLERK | IS mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

JUN 1 4 2004

| | |
|---|---|
| PAUL MONFARDINI, | ) |
| Plaintiff, | ) Case No. 02 C 4284 |
| v. | ) Judge Joan B. Gottschall |
| DWIGHT QUINLAN, ERIC SIECH, and VICO ASSOCIATES, INC., | ) Magistrate Judge Martin C. Ashman |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Godfrey Firm's Motion for a Protective Order.[1] For the reasons set forth below, the motion is denied.

On March 11, 2004, the Court granted Defendant Vico Associates, Inc.'s motion to compel production of documents pursuant to subpoenas from United Group, Inc. and from the law firm of Godfrey, Leibsle, Blackbourn & Howarth. *Monfardini v. Quinlan*, 2004 WL 533132 (N.D. Ill. Mar. 15, 2004). The lineup of the parties and the underlying facts were set out in that memorandum opinion and order and will not be repeated here. The ruling was based on a finding that Plaintiff Paul Monfardini owed a fiduciary duty to Vico because he was a shareholder of Vico with the ability to hinder or influence the corporation through his actions at United Group. Therefore, under the fiduciary exception to the attorney-client privilege, the communications dealing with United's stock as it affects Vico are not privileged with respect to Vico. The Court ordered Vico to not disclose the documents to Defendants Quinlan and Siech

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.

who had never asserted any fiduciary exception to the attorney-client privilege. Vico interpreted this order as allowing Quinlan and Siech's attorney to see the documents, but not the clients. It informed the Godfrey firm of its dubious interpretation of this Court's order, and the Godfrey firm filed the instant motion for a protective order.

The attorneys in this case (of which the primary blame falls upon the shoulder of Vico's attorney as it was Vico's burden to show an exception to the privilege) neglected to inform the Court that Monfardini was a director of Vico from at least approximately June 1999 to approximately June 2000. They also neglected to inform the Court that Defendant Quinlan is currently a director of Vico. As a director of Vico, Quinlan would normally be given access to the documents as part of his managerial duties. The question then becomes, can Quinlan use the documents for his own benefit in his individual litigation with Monfardini.

The Godfrey Firm argues that Quinlan should not be allowed to use the documents for his personal use because that would defeat the good cause requirement of the fiduciary exception, relying on *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 21 (N.D. Ill. 1980). In *Ohio-Sealy*, the court found that the plaintiff-shareholder did not meet the good cause requirement of the exception to enable him to see documents in the derivative action because he was also engaged in individual litigation against the company, and he would be able to use the documents to the detriment of the corporation and hence, implicitly to the detriment of the other shareholders. *Id.* at 31-32. Because this case is not a shareholder derivative action, it is difficult to analogize it to *Ohio-Sealy*. Quinlan will not be using the documents against the United Group who retains the privilege nor against the Godfrey Firm who produced the documents. Instead he would be using them in his litigation against Monfardini, as an individual. We also note that

Vico and Quinlan are involved in the same litigation, not in separate actions. In any event, the Court has already found that Vico has met the requirements of the fiduciary exception. Therefore, we find that even though we decline to reach the issue of whether Monfardini may have owed a fiduciary duty (or breached such a duty) to Quinlan, we find that because Quinlan has access to the documents in his capacity as a director of Vico, he cannot close his mind and forget the information as regards his personal litigation. Thus, he may use the documents in this litigation. Additionally, it would be absurd to allow Quinlan to use the documents and not Siech, as they are represented by the same attorney. It is not possible that the attorney, representing parties with joint interests, can or should withhold information from one client but not the other.

This leads us to the issue of the July 30, 2003 protective order covering the documents. These documents, which contain communications between United Group and its attorneys, were designated as "proprietary confidential" which means they may only be distributed to attorneys of record and not to their clients. Upon review of the privilege log it does not appear that these documents include proprietary information, i.e., information that would cause an unfair advantage to either party's competitors by providing them information as to the commercial operations of that party. Under the definitions found in the protective order, the documents appear to be "confidential." Therefore, if there are any specific documents that the United Group believes contain proprietary information as specified by the protective order, it may

submit them to the Court for review. Otherwise, the documents will be deemed "confidential" and not "proprietary confidential" and thus may be seen by the clients.

For the above reasons, the Godfrey Firm's motion for a protective order is denied.

**ENTER ORDER:**

Dated: June 10, 2004.

MARTIN C. ASHMAN
United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| LISLE W. BLACKBOURN, Esq.<br>MICHAEL J. FRAZIER, Esq.<br>Godfrey, Leibsle, Blackbourn<br>  & Howarth, S.C.<br>11 North Wisconsin Street<br>Post Office Box 260<br>Elkhorn, WI 53121 | ANDREW J. MAXWELL, Esq.<br>STEVEN S. POTTS, Esq.<br>DAVID H. McCARTHY, Esq.<br>Law Offices of Andrew J. Maxwell<br>105 West Adams Street<br>Suite 3200<br>Chicago, IL 60603 |
| STEPHEN P. BEDELL, Esq.<br>Gardner, Carton & Douglas<br>Quaker Tower<br>191 North Wacker Drive<br>Suite 3700<br>Chicago, IL 60606-1698 | TOBIN M. RICHTER, Esq.<br>Neal, Murdock & Leroy, L.L.C.<br>203 North LaSalle Street<br>Suite 2300<br>Chicago, IL 60601-1213 |
| Attorneys for Plaintiff | Attorneys for Defendants |